**XIAO LING ZHANG, Also Known as Shaolee Tsang, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

No. 08–5001–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Richard M. Evans, Assistant Director; Kevin J. Conway, Attorney, Office of Immigration Litigation, United State Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Ling Zhang, a native and citizen of the People's Republic of China, seeks review of an October 3, 2008 order of the BIA denying her motion to reopen. *In re Xiao Ling Zhang*, No. A077 293 243 (B.I.A. Oct. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Zhang's untimely and number-barred motion to reopen.

Zhang argues that the agency erred in concluding that she failed to demonstrate either material changed country conditions sufficient to excuse the time and number limitations for filing her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Additionally, contrary to Zhang's argument, the BIA reasonably declined to credit her unauthenticated evidence in light of her prior admission that her initial asylum application was fraudulent. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir.2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007).

Zhang also asserts that the BIA erred in failing to address whether the U.S. Department of State's 2007 country report indicated that she would be subject to excessive fines amounting to persecution. However, that report does not indicate either that such fines constitute changed country conditions or that they would amount to economic persecution to someone in Zhang's economic circumstances. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).